The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| JOSEPH EDWARD CHANEY & | ) |
| | ) CASE NO. 09-64630 |
| JENNIFER LYNN CHANEY | ) |
| | ) JUDGE RUSS KENDIG |
| Debtor. | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

Debtors Joseph Edward Chaney and Jennifer Lynn Chaney ("debtors") are funding their plan through a personal injury settlement. After they pay their creditors, the debtors expect to receive a surplus. The debtors list most of the debts on their petition as disputed and have objected to claims numbered 2-1, 6-1, 9-1, 10-1, 11-1, and 15-1.

A hearing was held on the objections on June 16, 2010. Deborah L. Mack appeared for the debtors and chapter 13 trustee Toby L. Rosen ("trustee") represented herself. At the hearing, the parties agreed to submit materials by July 1, 2010 and allow the Court to rule on the

objections without further hearing. The Court now considers each of the debtors' objections.

## OBJECTION TO CLAIM 2-1

*A. Background*

On November 13, 2009, Discover Bank ("Discover") filed a claim in the amount of $4,000.97 for a credit card debt. A statement summary is attached to the claim form. The statement summary appears to be little more than a screen shot of a database query and it indicates only the claim amount, a partial account number, the account open date and the date of last payment. Discover did not attach the underlying credit agreement, account statements or a list of the debtors' transactions.

The debtors list a $4,000 debt to Discover on Schedule D of their petitions as secured by their real property at 6225 Olivesburg-Fitchville Rd., Greenwich, OH pursuant to a recorded certificate of judgment. The debt is listed as disputed, as are the majority of debts on the debtors' schedules. On February 25, 2010, the Court confirmed the debtors' plan, which avoided Discover's lien.

On April 27, 2010, the debtor objected to Claim 2-1 as non-compliant with Federal Rule of Bankruptcy Procedure 3001(c) because the claim is not supported by "written documents, notes, credit applications, account statements, or any other type of written or printed documents from the original credit agreement." On May 27, 2010, the trustee responded to the objection. The trustee argues that the debtors' objection is in "bad faith" because the debtors have scheduled the claim in their petition. Neither debtors nor the trustee submitted any additional materials following the hearing.

*B. Law and Analysis*

Rule 3001(c) provides that "[w]hen a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim." Courts disagree whether non-compliance with Rule 3001(c) alone can be sufficient grounds to sustain an objection to claim. The majority view is that it cannot. *See, e.g.*, In re Habiballa, 337 B.R. 911, 916–17 (Bankr. E.D. Wis. 2006). Courts applying this view reason that 11 U.S.C. § 502(b) provides an exclusive list of reasons why a claim can be denied. Thus, a claim cannot be denied because of a "mere technical objection" under Rule 3001(c). Id. The minority view is that a Rule 3001(c) objection can be sufficient to invalidate a claim. Under this view, when a noncompliant claim is objected to under Rule 3001(c), the claimant bears the burden of proving the validity of its claim by a preponderance of the evidence. *See, e.g.*, In re Armstrong, 320 B.R. 97, 105 (Bankr. N.D. Tex. 2005).

The Court does not need to decide which approach to follow because even under the minority view the debtors' claim must be allowed. Other Courts have found that a debtor's petition can be used as evidence of the validity of a claim. *E.g.*, Heath v. American Express Travel Related Serv.s Co. (In re Heath), 331 B.R. 424, 431 (B.A.P. 9th Cir. 2005). In this case, the debtors' petition provides strong evidence that Claim 2-1 is enforceable against the debtor. In

Schedule D, the debtors state that a state court has issued a certificate of judgment against the debtor, which was subsequently recorded against their property. It does not matter that the claim is listed as "disputed" because the state court judgment would preclude the debtors from relitigating the claim in this Court. *See* Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 880 (6th Cir. 1997) (describing the elements of claim preclusion).

Accordingly, debtors' objection to Claim 2-1 is overruled.

## OBJECTION TO CLAIM 6-1

*A. Background*

On December 18, 2009, Chase Bank, N.A. ("Chase") filed Claim 6-1 in the amount of $250.11. An account inquiry is attached to the claim form. The account inquiry contains only partial social security numbers and the balance owed on the account. Chase did not attach the underlying credit agreement, account statements or a list of the debtors' transactions. The debt is listed on Schedule F as disputed in the amount of $250.

On April 27, 2010, the debtors objected to Claim 6-1 as non-complaint with Rule 3001(c) because the claim is not supported by "written documents, notes, credit applications, account statements, or any other type of written or printed documents from the original credit agreement." On May 20, 2010, the trustee responded to the objection. The trustee argues that the debtors' objection is in "bad faith" because the debtors have scheduled the claim in their petition. Neither debtors nor the trustee have submitted any additional materials following the hearing.

*B. Law and Analysis*

Again, the claim must be allowed even under the minority view. The Court finds that the debtors' petition, in combination with other relevant circumstances, provides strong evidence that the claim is enforceable against the debtor. While Claim 6-1 is listed in the debtors' petition as disputed, the Court notes that nearly *everything* in the debtors' petition is disputed. The Court also notes that the debtors are likely to receive a surplus from their personal injury settlement, and the debtors have filed multiple objections to claim. It is obvious that the debtors have adopted a strategy of objecting to valid claims just to see what will stick. The motive of the debtors is to increase the surplus from their personal injury settlement. As such, the Court gives little weight to the fact that the debtors have listed the debt as disputed and concludes that the trustee has demonstrated that Claim 6-1 should be allowed.

Accordingly, debtors' objection to Claim 6-1 is overruled.

## OBJECTIONS TO CLAIMS 9-1, 10-1 AND 11-1

*A. Background*

On February 15, 2010, LVNV Funding ("LVNV") filed Claims 9-1, 10-1 and 11-1. Claim

9-1 is in the amount of $146.36 and relates to a JC Penney's credit card. Claim 10-1 is in the amount of $1,977.04 and relates to a Sam's Club credit card. Claim 11-1 is in the amount of $912.97 and relates to a Lowe's credit card. Each claim is accompanied by an account detail that indicates the account number, the lender from which the debt was purchased, the date the account was charged off and the amount owing as of the date the bankruptcy was filed. The JC Penney's account is listed on Schedule F as "Notice Only." Debtors' Sam's Club account appears on debtors' Schedule F in the amount of $1,500. The Lowe's account is listed on Schedule F in the amount of $600. All three debts are listed as disputed.

The debtors objected to all three claims on May 17, 2010 as non-complaint with Rule 3001(c) because the claim is not supported by "written documents, notes, credit applications, account statements, or any other type of written or printed documents from the original credit agreement." On May 21, 2010, the trustee responded to the objections. In the responses, the trustee argues that the debtors' objection are in "bad faith" because the debtors scheduled the claims on their petition.

Following the hearing, LVNV filed amended claims 9-2, 10-2, and 11-2. The amended claims include documentation that demonstrates that the debts were sold to LVNV and the last account statements before the accounts were charged off. The final account statements include balances as of the statement date, interest rates, and late charges.

*B. Law and Analysis*

Even under the minority standard, LVNV has clearly met its burden of demonstrating the validity of its claims. However, the debtors complain that the amended claims were filed after the claims bar date. This argument misses the point because the documentation accompanying the amended claims was filed in accordance with the Court's scheduling order. The debtors also complain that LVNV's filings do not trace the debtors' accounts all the way back to the department stores that issued the accounts, but debtors' second argument overlooks the fact that the the debtors' schedules identify the original account holders.

Accordingly, debtors' objections to Claims 9-1, 10-1 and 11-1 are overruled.

### OBJECTION TO CLAIM 15-1

*A. Background*

On April 13, 2010, RBC Inc. filed Claim 15-1 for $102.02. The claims bar date in this case was April 12, 2010. On April 27, 2010, the debtors objected that the claim was not timely filed. On May 27, 2010, the trustee responded by stating that the objection was filed in "bad faith" because the claim is listed on debtors' schedules.

*B. Law and Analysis*

In chapter 13 cases, late claims are barred by 11 U.S.C. § 502(b)(9), which states that the

Court shall allow a claim "except to the extent that . . . proof of such claim is not timely filed . . . ." The statute is clear on its face and does not contain a bad faith exception.

Accordingly, debtors' objection to Claim 15-1 is sustained.

An order will issue in accordance with this decision.

\#   \#   \#

Service List:

Joseph Edward Chaney
6225 Olivesbrg-Fitchvle Rd
Greenwich, OH 44837

Jennifer Lynn Chaney
6225 Olivesbrg-Fitchvle Rd
Greenwich, OH 44837

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Deborah L Mack
P O Box 486
Mansfield, OH 44901-0486

Lindsey Hall
Javitch, Block & rathbone
1100 Superior Ave., 19th Floor
Cleveland, OH 44114

Discover Bank
DFS Services LLC
PO Box 3025
New Albany, Ohio 43054-3025

Chase Bank USA, N.A.
c/o Creditors Bankruptcy Service
P.O. Box 740933

Resurgent Capital Services
P.O. Box 10587
Greenville, SC 29603-0587

RBC Inc.
P.O. Box 1548
Mansfield, Ohio 44901